IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHELLE R. JONES, <br> 3543 Holmead Place, NW <br> Washington, DC 20010 <br><br> *Plaintiff* <br><br> v. <br><br> JAFFE & ASHER, LLP <br> 600 Third Avenue <br> New York, NY 10016 <br><br> *Defendants* | Civil Action No. 17-cv-001853 |

## COMPLAINT

Michelle Jones ("Johnson") files her complaint against Jaffe & Asher, LLP ("Jaffe") for violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et seq.*, and District of Columbia Code § 28-3814 *et seq.*, for unlawful debt collections in attempting to collect a consumer debt.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337 because Jones's FDCPA claims involve a federal question.

2. Venue is proper under 28 U.S.C. § 1391(b)(2) because all acts and/or omissions giving rise to Jones's claims occurred in this jurisdiction.

## PARTIES

3. Jones is a sui juris adult resident in the District of Columbia.

4. Jones is a consumer as defined by 15 U.S.C. § 1692a(3) in that the subject American Express credit card debt was incurred for personal, family or household purposes.

1

5. Jaffe is, and at times mentioned herein was, a New York limited liability company with a principal place of business at 600 Third Avenue New York, New York 10016.

6. Jaffe is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) because they regularly engage, directly or indirectly, in the business of collecting consumer debts. Jaffe's website proudly advertises that "The Firm specializes in effective "high-balance" debt collection and judgment enforcement … handl[ing] tens of thousands of such matters each year nationwide, with a network of local counsel in all 50 states and Puerto Rico."

7. Jaffe is, and at all times mentioned herein was, a debt collector as defined by D.C. Code § 28-3814(b)(3) because they engage, directly or indirectly, in collecting consumer debts alleged to be owed to another.

## FACTUAL ALLEGATIONS

8. Jaffe, acting on behalf of American Express though local counsel, filed a debt collection lawsuit against Jones in the District of Columbia Superior Court on July 19, 2013 to recover a defaulted consumer credit card account.[1]

9. Jones was represented in the lawsuit by the undersigned counsel effective September 1, 2013.

10. The parties entered into a written settlement agreement, through counsel, in October 2013. The stipulation required Jones to make monthly payments until paid in full. The parties negotiated a fixed amount of $22,000 to be paid without interest accruing.

11. On August 15, 2017, Jones sent Jaffe a monthly payment by a check post-dated for September 1, 2017.

---

[1] See *American Express Bank FSB v Jones*, Case No. 2013 CA 004937 C

12. Jaffe accepted Jones's posted-dated check on August 21, 2017—more than 10 days before September 1, 2017. Jaffe deposited the post-dated check on August 21, 2017—more three days before September 1, 2017 without any form of notification to Jones.

13. On August 22, Jones received a letter from her bank that the check was returned unpaid for insufficient funds. The bank then assessed Jones a $29 insufficient funds fee.

14. In late August 2017, an attorney debt collector at Jaffe named Aleksandr Altschuler began a campaign of calling Jones directly from (212) 687-3000 to collect payment.

15. During one recorded conversation, Altschuler misrepresented to Jones that her balance was now $36,000.

16. Both Jaffe and Altschuler knew the balance of Jones's account was not $36,000.

17. Both Jaffe and Altschuler knew that Jones is represented by the undersigned counsel, and have actual knowledge of his contact information.

18. The method and manner of Jaffe's foregoing debt collection practices are false, deceptive, misleading, intentional, willful, malicious and in open defiance of state and federal consumer protection statutes.

19. Johnson has sustained actual damages in the form of a $29, returned check fee, agitation, annoyance, emotional distress, and undue inconvenience as a direct result of Jaffe's unlawful debt collection practices.

20. Jones has also sustained actual damages by incurring attorney's fees and costs as a direct result of Jaffe's unlawful debt collection practices.

## **FIRST CLAIM FOR RELIEF**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 ET SEQ.**

21.     Jones repeats, re-alleges and incorporates by reference paragraphs 1-20, inclusive, above, as if fully set forth herein.

22.     Jaffe violated 15 U.S.C. § 1692f(2) by accepting depositing Jones's posted-dated check more than 10 days before September 1, 2017, and depositing the check more than 3 days before September 1, 2017, without providing any written notice of its intent to do so.

23.     Jaffe violated 15 U.S.C. § 1692c(a)(2) by communicating directly with Jones to collect the debt knowing she is represented by the undersigned counsel.

24.     Jaffe violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount of the debt as $36,000 to coerce payment of unlawful principal.

25.     Jaffe violated 15 U.S.C. § 1692e(10) by falsely claiming the amount of the debt is $36,000 to coerce payment of unlawful principal.

26.     Jaffe's actions would be deceptive, misleading, abusive, and unfair to the least sophisticated consumer.

## **SECOND CLAIM FOR RELIEF**

## **VIOLATIONS OF DISTRICT OF COLUMBIA CODE § 28-3814 ET SEQ.**

27.     Johnson repeats, re-alleges and incorporates by reference paragraphs 1-26, inclusive, above, as if fully set forth herein.

28.     Defendants violated D.C. Code § 28-3814(f)(5) by willfully misrepresenting the character, extent and amount of the debt as $36,000.

29. Defendants violated D.C. Code § 28-3814(f)(8) by willfully misrepresenting that the principal amount of the debt had increased to $36,000 when such principal could not legally be added.

30. Defendants violated D.C. Code § 28-3814(g)(5) by communicating directly with Jones knowing she is represented by the undersigned counsel and has actual knowledge of his contact information.

## **PRAYER FOR RELIEF**

Jones respectfully prays that judgment be entered against Jaffe for:

A. Actual damages;

B. Statutory damages;

C. Punitive damages;

D. Costs of suit and reasonable attorney's fees; and

E. For such other and further relief as the court may deem proper.

## **JURY DEMAND**

Jones demands trial by jury.

DATED: September 11, 2017            Respectfully submitted,

 /s/    *Dean Gregory*
Dean Gregory, Esquire (Bar No. 1008846)
**LAW OFFICES OF DEAN GREGORY**
1717 K Street NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 905-8058
Facsimile: (202) 776-0136
E-mail: dean@deangregory.com

*ATTORNEY FOR PLAINTIFF*